UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES WASHINGTON, SR. AND LYNETTE BAGGAGE WASHINGTON | CIVIL ACTION |
| VERSUS | NO: 09-07926 |
| BAKER PETROLITE CORPORATION, ET AL | SECTION: B(3) |

## ORDER AND REASONS

Defendant El Paso Energy E.S.T. Company's, as Trustee for the EPEC Oil Liquidating Trust, Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(2), seeking dismissal of this case for lack of personal jurisdiction (Rec. Doc. 39) is **DENIED**.

Plaintiff Charles Washington worked at the Tenneco Oil Company refinery in Chalmette, Louisiana when he was injured on the job when exposed to benezene and benezene-related products. (Rec. Doc. 50 at 3). EPEC Oil Company succeeded Teneco Oil Company and El Paso is the trustee for the EPEC Oil Liquidating Trust arising from EPEC Oil Company's voluntary dissolution. (Rec. Doc. 50 at 3).

*A. Minimum Contacts*

Personal jurisdiction over a nonresident defendant applies when the defendant is under the forum state's long-arm statute and when the exercise of jurisdiction conforms with the due process clause of the Fourteenth Amendment. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990). Louisiana's long-arm statute provides, in pertinent part, that:

> A court may exercise personal jurisdiction over a nonresident, who acts directly or by agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.

La. Rev. Stat. Ann. § 13:3201A.

Minimum contacts can arise in two ways. First, if the defendant conducts even one specific act or has one purposeful contact which results in a cause of action, such action will support specific jurisdiction. Alternatively, if the defendant has a series of continuous and systematic contacts with the forum, general jurisdiction is satisfied. Thus, if a defendant created "continuing obligations" between himself and residents of the forum, general jurisdiction is satisfied. *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 476 (1985).

In *Brady v. Capital Group, Inc.*, 1992 WL 46337 at *3 (E.D. La. 1992), the Court determined that the trustee had transacted business within Louisiana and the suit at hand sprung from that business. Therefore, personal jurisdiction existed within the State, even though they were a Wisconsin-based corporation. 1992 WL 46337 at *3. There, the trustee attempted to argue it had no personal jurisdiction in Louisiana because it was governed by Wisconsin law. *Id.* However, the trust was executed in Louisiana and the Trust was a Louisiana-based corporation, thus allowing the

long-arm statute to apply. *Id.* The Court reasoned that even though the trustee had minimal presence within Louisiana, it did manage litigation within the state which met the criteria for minimum contacts. Even though *Brady* concerns specific jurisdiction and the instant case involves general jurisdiction, similarities can be drawn. For example, here, El Paso is a trustee of EPEC Oil Liquidating Trust which owns and operates the Louisiana refinery where Washington was exposed to benezene. While El Paso may not directly conduct business in the state of Louisiana, it is reasonable for El Paso to anticipate a lawsuit may be filed within that State.[1] Thus, El Paso's argument that long-arm jurisdiction does not extend to it because it is merely a trustee fails.

In another specific jurisdiction case, trustees of a Delaware-based corporation in *Rollins Environmental Services v. Wright* moved to dismiss a suit for lack of personal jurisdiction. 738 F. Supp. 150, 152 (D. Del., 1990). There, the Defendants were trustees of a dissolved Delaware corporation and they argued that they did not have significant enough ties for the state to place service on them. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or

---

[1] *See e.g., Bishop v. Shell Oil Company*, Civil Action No. 07-2832 (E.D. La 2007); *LeBlanc v. Chevron USA, Inc.*, Civil Action No. 05-5485 (E.D. La 2005); *Abram v. EPEC Oil Company*, 936 So. 2d 209, 211, fn 3(La App. 4th Cir. 2006).

3

relations.'" *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). The Supreme Court has said that one's liberty interests include a "fair warning" of being served in a particular jurisdiction. *Burger King*, 471 U.S. at 472. Thus, in *Rollins Environmental Services*, the court determined that the defendants' relation to Delaware, by being trustees, met the criteria for specific jurisdiction and purposefully established "minimum contacts" with the State. 738 F. Supp. at 153. Here, El Paso argues that *Rollins Environmental Services* is dissimilar because El Paso did not derive benefit from Louisiana and the obligations did not flow from Louisiana law. However, while El Paso may be correct on those points, the *Rollins* court determined specific jurisdiction was proper before examining the aforementioned factors, relying more on the defendants' "fair warning" of service in that jurisdiction than on the "purposely derived benefit." *Id.*

An out-of-state defendant must have "purposefully availed" itself to the forum state. This "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp.*, 471 U.S. at 474. In *Kulko v. California Superior Court*, 436 U.S. 84, 84-85 (1978) the Court determined the defendant "purposely availed himself of the benefits

and protections of California" by sending his daughter to live with her mother in California. *Id.* Therefore, it was "fair and reasonable" for the defendant to be subject to personal jurisdiction within that State. *Id.* Similarly, here, El Paso is a named Trustee for EPEC Oil and was aware of the relationship with the State of Louisiana.[2] Therefore, it can be said El Paso "purposely availed" itself to the State and it is fair for El Paso to be haled into Court there.

In *Green v. Group Programs*, 622 So. 2d 275, 277 (La. App. 1st Cir. 1993) the Court said: "The Louisiana long-arm statute provides several bases for the assertion of jurisdiction over nonresidents, the broadest of which turns upon a finding of minimum contacts and fundamental fairness, the more specific enumerations being sufficient in and of themselves for the assertion of jurisdiction."

In *Green*, a paid trustee acted within Louisiana from 1985 to 1990 and the Court found that contact to satisfy "minimum contacts" in the 1993 claim at issue. *Id.* El Paso argues that *Green* is distinguishable because the trustee at one time acted solely in Louisiana, the trustee knew the trust was set up in Louisiana, and the trustee knew it was receiving fees for business activities in

---

[2] El Paso serves as trustee of liquidating trust that is successor to EPEC Oil Company, which is successor to Tenneco Oil Company which owned the Chalmette, Louisiana facility. (Rec. Doc. 50 at 1). Moreover, they previously admitted to personal jurisdiction in Louisiana *See Bishop v. Shell Oil Company*, Civil Action No. 07-2832 (E.D. La 2007).

5

Louisiana. This argument fails because El Paso was aware of its ties to Louisiana, going as far as admitting that jurisdiction exists in the State. *See Bishop v. Shell Oil Company*, Civil Action No. 07-2832 (E.D. La 2007); (*See also* Exhibit "D", El Paso Answer para 4). Moreover, even if the contacts were stronger in *Green*, El Paso still maintains at least minimum contacts with Louisiana.

In a nearly identical case, *Bishop v. Shell Oil Company*, Civil Action No. 07-2832 (E.D. La 2007) El Paso did admit that personal jurisdiction existed in Louisiana when a different plaintiff sued for benezene exposure at the same Teneco Oil Company refinery where Washington worked. (Rec. Doc. No. 50-4 at 9). El Paso, however, argues that *Bishop* was filed before the Claims Assertion Date of December 18, 2008, and since that date El Paso has not admitted that jurisdiction exists in Louisiana. El Paso argues that they have consistently filed motions to dismiss for lack of personal jurisdiction for any lawsuit filed against them in the State of Louisiana. However, El Paso's argument raises an issue to be decided on the merits and should not factor into the instant analysis.

*B. Traditional Notions of Fair Play and Substantial Justice*

Once "minimum contacts" is established in the forum state, it must be determined if "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Courts may evaluate: "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen Corp.* 444 U.S. at 292. The relationship between the defendant and the forum must be "reasonable . . . to require the corporation to defend the particular suit which is brought there." *Id.*

Here, it is reasonable to find that Louisiana is a fair and just forum, partly because El Paso has previously been involved in litigation in this State. This court cannot overlook the argument that El Paso previously has "admit[ted] this Court has personal jurisdiction over them." (Rec. Doc. 50-4 at 9). While El Paso may not have an office in Louisiana, it was not a burden to previously come to Louisiana to litigate, and a few years' difference should not impose a difficult burden on the company. Moreover, since the incident occurred in Louisiana to a Louisiana resident, it is reasonable to assume that Louisiana would want to adjudicate the issue in this forum.

In *Brown v. Bumb*, 871 So.2d 1201, 1202-03, (La. App. 4th Cir.,

2004) the Court determined it was reasonable for a Texas defendant to be haled into Louisiana court since it did not offend traditional notions of fair play and substantial justice, even though the incident occurred in Texas. In that case, the Court determined that it was in the State's interest to protect the Plaintiff's children and since the children were in Louisiana, it was in the judicial system's interest to resolve the controversy there, where the State could further fundamental social policies. *Id.* at 1203. Like *Brown*, here it is alleged that a Louisiana resident was critically and irreparably injured in Louisiana. Previous cases concerning this factory and benezene have been adjudicated in Louisiana, with El Paso as a named defendant.[3] The reasoning in Brown - namely that the State's interest to protect its citizens is a recognized reason to allow adjudication to occur in a forum - applies here. Thus, naming El Paso as a defendant in Louisiana does not offend traditional notions of fair play and substantial justice.

    New Orleans, Louisiana this 23rd day of August, 2010.

                                    UNITED STATES DISTRICT JUDGE

---

[3] *See Bishop v. Shell Oil Company*, Civil Action No. 07-2832 (E.D. La 2007)