```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CHARLES WASHINGTON, SR., ET AL.          *      CIVIL ACTION
                                         *
VERSUS                                   *      NO. 09-7926
                                         *
BAKER PETROLITE CORPORATION, ET AL.      *      SECTION "B"(3)
```

ORDER AND REASONS

Before the Court is Defendant El Paso Energy E.S.T. Company, as trustee for the EPEC Oil Company Liquidating Trust's Motion for a New Trial (Rec. Doc. No. 78) requesting this court reconsider and vacate it's August 23, 2010 Order (Rec. Doc. No. 70) denying Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. No. 39). Plaintiffs have filed an opposition to that motion. (Rec. Doc. No. 83). The parties have also filed a joint Motion for Continuance of Pretrial Deadlines, Trial Setting if Necessary stating that, because the parties postponed answering discovery after Defendant filed the instant motion on September 17, 2010 and Plaintiffs filed their opposition on October 18, 2010, the majority of discovery which has been served has not yet been answered nor has Plaintiff been deposed. (Rec. Doc. No. 85). The final pretrial conference is set for July 28, 2011 and a jury trial is set for August 15, 2011.

For the reasons articulated below **IT IS ORDERED** that Defendants' Motion for New Trial (Rec. Doc. No. 78) is hereby converted into a Motion for Reconsideration, that Motion for

1

Reconsideration is hereby **DENIED**.  **IT IS FURTHER ORDERED** that the Motion for Continuance of Pretrial Dates (Rec. Doc. No. 85) is hereby **DENIED** without prejudice to the parties to expeditiously seek extension of pertinent pretrial deadlines.

## I. *CAUSE OF ACTION AND FACTS OF CASE*

This case arises from injuries allegedly sustained by Plaintiff by exposure to benzene and benzene related products during his employment as a laborer and operator at the Tenneco refinery from 1979 through 2008. (Rec. Doc. No. 30 at 6). El Paso Energy E.S.T. Company is the Trustee for the EPEC Oil Liquidating Trust created by EPEC Oil Company f/k/a Tenneco Oil Company who owned the refinery located in Chalmette, Louisiana until the facility was sold to Mobil Oil Corp in December 1988. (Rec. Doc. 81-1 at 2-4).

This Court's Order of August 24, 2010 denied Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) finding that personal jurisdiction over defendant is established as sufficient minimum contacts have been established and that, while "El Paso may not directly conduct business in the State of Louisiana, it is reasonable for El Paso to anticipate a lawsuit may be filed within that State." (Rec. Doc. No. 70 at 3). Additionally, with respect to defendant's argument that it admitted personal jurisdiction for similar benzene exposure suits filed in this District only because those suits were filed before the claims

assertion date stated in the trust agreement, the Court found that the argument "raises an issue to be decided on the merits and should not factor into" the personal jurisdiction analysis. (Rec. Doc. No. 70 at 6). The Court finally found that the assertion of personal jurisdiction over defendant did not offend traditional notions fair play and substantial justice. *Id.* at 8.

A. *Contentions of Movant*

Movant first contends that the Court committed manifest error of law "in finding that the Trust is owner and operator of the Tenneco refinery . . . . [and] [a]s a result of this incorrect finding, the Court reasoned that the Trustee should have anticipated that a lawsuit may be filed against it in Louisiana." (Rec. Doc. 78-1 at 2).

While the Court's statement in the prior Order that "[f]or example . . . El Paso is a trustee of EPEC Oil Liquidating Trust which owns and operates the Louisiana refinery . . ." may not have been an exact portrayal of the corporate history, the correct description of the Court's finding is stated and reiterated *supra*. "El Paso serves as trustee of liquidating trust that is successor to EPEC Oil Company, which is successor to Tenneco Oil Company which owned the Chalmette, Louisiana facility." (Rec. Doc. No. 50 at 5 n.2).

Movant argues that it the "Trust is not a successor to [Tenneco Oil Company]" differing only slightly from its argument in

3

its original Motion to Dismiss for lack of personal jurisdiction that the "Trustee is not a successor of the Trust." Movant then reiterates arguments previously made in its initial Motion to Dismiss (Rec. Doc. No. 39) and its reply to Plaintiff's opposition to that motion (Rec. Doc. No. 66).

Movant's next contends that the Court committed manifest error of law in finding that the Defendant "admitted to personal jurisdiction in all cases filed against it in Louisiana because it admitted to personal jurisdiction in prior cases." (Rec. Doc. No. 78-1 at 3). Movant reiterates its previously argued contention that the other cases, involving very similar factual landscapes as the instant action and in which Movant admitted to personal jurisdiction, were all filed before the Claims Assertion Date stated in the Trust Agreement. (*See* Rec. Doc. Nos. 66 at 3; 78-1 at 4). Movant again argues that as this case was filed past the deadline, and because Movant no longer consents to jurisdiction, this Court lacks personal jurisdiction over Movant.

B.  *Contentions of Respondent*

Respondent contends that Movant's contentions are founded on a flawed reading of this Court's August 2010 order. (Rec. Doc. No. 83). For example, Respondent argues that the Court's Order did not find that personal jurisdiction over Movant existed by virtue of its admission of personal jurisdiction in prior cases filed in this district, but that the Court viewed it as "an admission that the

4

conduct of Tenneco is attributable to the Trust and its Trustee." (Rec. Doc. No. 83 at 6).

Answering Movant's submission that there exists no personal jurisdiction over Movant without an admission of same in this action and all actions filed after the Claims Assertion Date, Respondent states that the "ultimate liability of the trust will have to be resolved through an interpretation of the trust agreement." *Id*. at 5  Respondent that points out that this Court stated in the contested Order that this issue is substantive "and should not factor into [the] analysis." (*See* Rec. Doc. No. 70 at 6; Rec. Doc. No. 83 at 5-6).

## II. *LAW AND ANALYSIS*

A. *Standard of Review - Rule 59*

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir.2000). The Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days  after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e).[1] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998); *see also* Rule 59(e). Because Defendant El Paso Energy

---

[1] *See Girard v. Drexel Burnham Lambert, Inc.*, 807 F.2d 490 (5th Cir. 1987) finding that a District Court's Order to Arbitrate and to Stay "is a 'judgment' for purposes of Fed.R.Civ.P 59(e)" (citing *Financial Services Corp. of the Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir.1985)(finding that "an order granting a preliminary injunction is a judgment within the meaning of" Fed.R.Civ.P 59(e)).

5

E.S.T. Company filed the instant motion within twenty-eight days of the Court's Order, the motion will be subject to the standards for Rule 59(e). A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002).

"Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Lines v. Fair Ins. Co.*, 2010 WL 4338636, at *1 (E.D. La. October 21, 2010) (citing *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

The Court enjoys considerable discretion in granting or denying such a motion, and an amendment of judgment is an extraordinary remedy which must be used sparingly and should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004). "The Fifth Circuit has noted that Rule 59(e) 'favors the denial of motions to alter or amend a judgment.'" *Id*. (citing *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993)).

As stated above, movant does not offer new evidence nor does

movant point to an existing change in the controlling law since this Court denied its Motion to Dismiss on August 23, 2010. Movant seemingly attempts only to re-litigate issues previously decided by this Court without evidence sufficient to substantiate its claims of manifest error. Accordingly,

**IT IS ORDERED** that Defendants' Motion for New Trial is hereby converted into a Motion for Reconsideration and that Defendants' Motion for Reconsideration (Rec. Doc. No. 78) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Continuance of Pretrial Dates (Rec. Doc. No. 85) is hereby **DENIED** without prejudice to the parties to expeditiously seek extension of pertinent pretrial deadlines.

New Orleans, Louisiana, this 10th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE